WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Virgil Lee Lindsey, Jr., | ) | CIV 13-0032-PHX-ROS (MHB) |
|---|---|---|
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT COURT:

Petitioner Virgil Lee Lindsey, Jr., who is confined in the Arizona State Prison, Hualapai Unit, in Kingman, Arizona, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondents filed an Answer (Doc. 13), and despite having an opportunity to do so, Petitioner has not filed a traverse.

**BACKGROUND**[1]

On November 7, 2004, Petitioner was arrested for criminal damage and aggravated assault. (Exh. A.)  Officers conducted a search incident to arrest and found crack cocaine in Petitioner's pocket.  (Id.)  Petitioner was then admitted into the hospital after complaining of severe knee pain and a broken toe.  (Id.)  Upon release from the hospital, Petitioner threw his crutches down, pulled off his knee brace, and tried to escape from the police officers who

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 13 – Respondents' Answer.

1   were escorting him. (Id.)  In the process, he tried to grab a taser gun from one of the officers
2   and threw a chair which struck a second officer. (Id.)  He continued to kick his legs and
3   "flail[] around" as the officers took him into custody. (Id.)

4       Almost 2 years later, on November 20, 2006, Petitioner entered a department store,
5   took several pairs of denim jeans, and exited the store without paying. (Exh. B.)  When he
6   was approached by officers, Petitioner dropped the jeans and ran through the store parking
7   lot. (Id.)  He approached a man and physically tried to gain control of his car. (Id.)
8   Petitioner was chased off and then approached an elderly woman, again trying to gain control
9   of her car. (Id.)  Petitioner was ultimately apprehended by several onlookers, store security,
10  and off-duty police officers. (Id.)  He continued to struggle and attempted to hit one of the
11  onlookers when the police finally arrived and took him into custody. (Id.)

12      On December 4, 2006, Petitioner was charged by information in both matters. (Exhs.
13  C, D.)  In the 2004 matter, under Maricopa County Cause Number 2004-132507, Petitioner
14  was charged with one count each of aggravated assault, a class 6 felony; resisting arrest, a
15  class 6 felony; possession or use of narcotic drugs, a class 4 felony; and escape in the second
16  degree, a class 5 felony. (Exh. C.)  In the 2006 matter, under Maricopa County Cause
17  Number CR 2006-171572, Petitioner was charged with one count each of shoplifting, a class
18  6 felony; attempted theft of means of transportation, a class 4 felony; attempted robbery, a
19  class 4 felony; and assault, a class 2 misdemeanor. (Exh. D.)

20      On May 18, 2007, Petitioner pled guilty in the 2004 matter to one count of aggravated
21  assault, a class 6 felony with one prior felony conviction, and one count of possession or use
22  of narcotic drugs, a class 4 felony with one prior felony conviction (Counts 1 & 3). (Exh.
23  E.)  The State dismissed Counts 2 and 4. (Id.)  Petitioner was sentenced to concurrent
24  presumptive terms of 1.75 and 4.5 years' imprisonment with credit for 159 days of
25  presentence incarceration. (Exh. H.)

26      The same day, Petitioner pled guilty in the 2006 matter to one count of attempted theft
27  of means of transportation, a class 4 felony with one prior felony conviction, and one count
28  of attempted robbery, a class 5 felony with two prior felony convictions (Counts 2 & 3).

1  (Exh. F.)   The State dismissed Counts 1 and 4.  (Id.)  Petitioner was sentenced to
2  presumptive terms of 4.5 and 5 years' imprisonment with Count 2 to be served consecutively
3  to the sentences imposed in the 2004 matter and Count 3 to be served consecutively to Count
4  2.  (Exh. I.)

5  On October 5, 2007, Petitioner commenced his first PCR proceeding by filing a timely
6  PCR notice, claiming there had been a significant change in the law that would probably
7  overturn his conviction or sentence and arguing that his lawyer had been ineffective because
8  he did not advise Petitioner of "the legal procedures."  (Exh. J.)  Appointed counsel,
9  however, notified the trial court that she had reviewed the record and found no colorable
10  claim for post-conviction relief.  (Exh. K.)  The court then granted Petitioner a 45-day
11  extension to file his PCR petition.  (Exh. L.)  On June 13, 2008, six weeks after the deadline
12  had passed and a petition was not filed, the state court dismissed the PCR proceeding.  (Exh.
13  M.)  Petitioner did not file a petition for review in the Arizona Court of Appeals or Arizona
14  Supreme Court.

15  On August 29, 2008, Petitioner commenced his second PCR proceeding by filing an
16  untimely pro per PCR petition.  (Exh. N.)  In his petition, he asserted his Fifth, Sixth, and
17  Fourteenth Amendment rights were violated because: (1) he was denied a speedy trial; (2)
18  his counsel was rendered ineffective when she failed to "advise the court of the impending
19  expiration of time limits in [his] case"; (3) he did not enter into the plea agreement
20  knowingly, voluntarily, and intelligently; and (4) his prior felony convictions should not have
21  been used to enhance his sentences.  (Id.)  The state court dismissed Petitioner's PCR petition
22  on September 15, 2008, finding that his claims could not be raised in an untimely PCR
23  proceeding pursuant to Arizona Rule of Criminal Procedure Rule (Rule) 32.4(a).  (Exh. O.)
24  Petitioner did not present any newly discovered material facts and failed to identify a
25  significant change in law that applied to his case.  (Id.)  The state court further found that
26  Petitioner was precluded from relief on his claims pursuant to Rule 32.2(a) because they
27  could have been raised in his prior Rule 32 proceeding.  (Id.)

28

1    On September 29, 2008, Petitioner filed a petition for review in the Arizona Court of

2 Appeals. (Exh. P.) He argued that while his PCR petition was untimely, it presented newly

3 discovered material facts that would have changed his sentence pursuant to Rule 32.1(e) and

4 he was diligent in securing the newly discovered material facts. (Id.) Petitioner further

5 asserted that his Sixth Amendment right to a speedy trial and the effective assistance of

6 counsel was violated as well as his Fifth and Fourteenth Amendment rights to due process.

7 (Id.) The Arizona Court of Appeals denied review of the petition on December 8, 2009.

8 (Exh. S.) Petitioner did not file a petition for review in the Arizona Supreme Court.

9    On December 18, 2009, Petitioner filed a federal petition for writ of habeas corpus,

10 arguing that: (1) he was denied his speedy trial rights and counsel was ineffective for failing

11 to raise the speedy trial issue; and (2) he was coerced into entering the plea agreement,

12 received ineffective assistance of counsel, and was subjected to double jeopardy when his

13 sentences were enhanced by his prior felony convictions. (Exh. T.)

14    Respondents filed a limited answer, arguing that Petitioner's habeas petition should

15 be denied and dismissed with prejudice because: (1) it was untimely filed; (2) his speedy trial

16 claim was not cognizable on habeas review because it only challenged Arizona statutes and

17 rules of criminal procedure; and (3) his claims were procedurally defaulted because

18 Petitioner had belatedly raised them and the state court imposed a procedural bar to avoid

19 reaching their merits. (Exh. V.)

20    In response, Petitioner moved to withdraw his habeas petition so that he could

21 "properly seek[] to present issues to the final stage of state court accordingly." (Exh. W.)

22 On October 6, 2010, the court granted the motion and dismissed Petitioner's habeas petition

23 without prejudice. (Exhs. X, Y, Z.)

24    On January 3, 2011, Petitioner commenced his third PCR proceeding by filing an

25 untimely pro per PCR petition. (Exh. AA.) In his petition, he asserted: (1) trial counsel was

26 ineffective by "inducing" Petitioner to plead guilty when she knew, or should have known,

27 that Petitioner was "factually" innocent; (2) trial counsel was ineffective by "inducing"

28 Petitioner to plead guilty based on the "material misrepresentation" that he would be ordered

to serve concurrent sentences; (3) the state engaged in misconduct when the prosecutor "materially misrepresented" to the court that Petitioner had engaged in violent behavior resulting in the physical injury of several victims; (4) trial counsel was ineffective by "failing to subject the prosecution to any adversarial testing ... resulting in guilty pleas and aggravated prison sentences[] of an innocent citizen"; and (5) PCR counsel was ineffective "insofar as [Petitioner's] claims are deemed to be procedurally barred or precluded." (Id.) Petitioner characterized his claims as "newly discovered evidence" that demonstrated a "fundamental miscarriage of justice." (Id.)

The state court dismissed Petitioner's PCR petition on January 7, 2011, finding that Petitioner could not raise his ineffective assistance of counsel (IAC) and coercion claims in an untimely or successive PCR petition pursuant to Rule 32.4(a). (Exh. BB.) Furthermore, Petitioner had previously raised these claims in an unsuccessful PCR petition and was thus precluded from raising them again in a successive petition pursuant to Rule 32.2(a)(2). (Id.) Finally, in regards to Petitioner's claimed "newly discovered evidence," the state court found that Petitioner had: (1) failed to state any facts, evidence, or law to support his prosecutorial misconduct claim as required by Rule 32.5 and had not stated why the prosecutorial misconduct would have changed his conviction or sentence; and (2) failed to explain how the facts supporting his IAC claim were discovered after the trial or sentencing as required by Rule 32.1(e)(1) or how Petitioner exercised due diligence in securing the newly discovered evidence pursuant to Rule 32.1(e)(2). (Id.) The state court noted that the alleged newly discovered evidence arose from events that took place four years prior to the filing of Petitioner's third PCR petition and Petitioner provided no adequate explanation as to why they had just been discovered. (Id.)

On January 31, 2011, Petitioner filed a petition for review in the Arizona Court of Appeals. (Exh. CC.) In his petition, he argued that the state court abused its discretion by: (1) dismissing Petitioner's claims as untimely when untimeliness was the direct result of the ineffectiveness of "appellate" counsel; (2) "ignoring" his claim for ineffective assistance of "appellate" counsel; (3) "ignoring" his right to an evidentiary hearing because he met the

narrow class of cases establishing cause and prejudice, actual innocence, and a fundamental miscarriage of justice; and (4) "ignoring" this Court's order allegedly preserving Petitioner's issues for obtaining state remedies.  (Id.)  The Court of Appeals denied review of the petition on December 4, 2012.  (Exh. FF.)  Petitioner did not file a petition for review in the Arizona Supreme Court.

On January 7, 2013, Petitioner filed the instant habeas petition.  (Doc. 1.)  In Ground One, he alleges that the summary dismissal of his post-conviction claims as untimely or procedurally barred violated his due process and equal protection rights.  (Doc. 1 at 6.)  In Ground Two, he alleges a violation of his speedy trial, due process, and equal protection rights under the Sixth and Fourteenth Amendments.  (Doc. 1 at 7.)  In Ground Three, he alleges that he was denied the effective assistance of counsel in connection with the plea agreement in violation of his Sixth Amendment rights.  (Doc. 1 at 8.)  On July 15, 2013, Respondents filed an Answer.  (Doc. 13.)  Petitioner has not filed a traverse despite having the opportunity to do so.

## DISCUSSION

In their Answer, Respondents contend that Petitioner's habeas petition is untimely and, as such, must be denied and dismissed.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  See 28 U.S.C. § 2244(d)(1).  The statute provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

- 6 -

1       An "of-right" petition for post-conviction review under Arizona Rule of Criminal

2  Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct

3  review" within the meaning of 28 U.S.C. § 2244(d)(1)(A).  See Summers v. Schriro, 481

4  F.3d 710, 711 (9th Cir. 2007).  Therefore, the judgment of conviction becomes final upon the

5  conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking

6  such review.  See id.

7       Additionally, "[t]he time during which a properly filed application for State post-

8  conviction or other collateral review with respect to the pertinent judgment or claim is

9  pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott

10  v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).  A post-conviction petition is "clearly pending

11  after it is filed with a state court, but before that court grants or denies the petition."  Chavis

12  v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004).  A state petition that is not filed, however,

13  within the state's required time limit is not "properly filed" and, therefore, the petitioner is

14  not entitled to statutory tolling.  See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).  "When

15  a postconviction petition is untimely under state law, 'that [is] the end of the matter' for

16  purposes of § 2244(d)(2)."  Id. at 414.

17       In Arizona, post-conviction review is pending once a notice of post-conviction relief

18  is filed even though the petition is not filed until later.  See Isley v. Arizona Department of

19  Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).  An application for post-conviction relief

20  is also pending during the intervals between a lower court decision and a review by a higher

21  court.  See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold,

22  536 U.S. 214, 223 (2002)).  However, the time between a first and second application for

23  post-conviction relief is not tolled because no application is "pending" during that period.

24  See id.  Moreover, filing a new petition for post-conviction relief does not reinitiate a

25  limitations period that ended before the new petition was filed.  See Ferguson v. Palmateer,

26  321 F.3d 820, 823 (9th Cir. 2003).

27       The statute of limitations under the AEDPA is subject to equitable tolling in

28  appropriate cases.  See Holland v. Florida, 560 U.S. 631, –––, 130 S.Ct. 2549, 2560, 177

1    L.Ed.2d 130 (2010).  However, for equitable tolling to apply, a petitioner must show "'(1)

2    that he has been pursuing his rights diligently and (2) that some extraordinary circumstances

3    stood in his way'" and prevented him from filing a timely petition.  Id. at 2562 (quoting Pace,

4    544 U.S. at 418).

5           The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely.

6    Petitioner was sentenced under the plea agreement on July 3, 2007.  (Exhs. E, F, H, I.)  On

7    October 5, 2007, Petitioner filed a timely notice of PCR.  (Exh. J.)  The state court, however,

8    summarily dismissed the matter on June 13, 2008, after Petitioner failed to file a PCR

9    petition.  (Exh. M.)  Petitioner did not file a petition for review from this summary dismissal

10   in the Arizona Court of Appeals or the Arizona Supreme Court.  Thus, Petitioner's state court

11   conviction became final on July 14, 2008 – 31 days after the state court dismissed the PCR

12   proceeding, because the statute was tolled during the time he could have filed a petition for

13   review in the Arizona Court of Appeals.[2]  See Ariz.R.Crim.P. 32.9(c) ("Within thirty days

14   after the final decision of the trial court on the petition for post-conviction relief or the

15   motion for rehearing, any party aggrieved may petition the appropriate appellate court for

16   review of the actions of the trial court.").  The statute of limitations began to run on July 15,

17   2008 – one day after the 30-day period – and expired one year later – on July 15, 2009.

18          Petitioner's commencement of a second PCR proceeding in August 2008 did not toll

19   the limitations period.  The trial court dismissed Petitioner's second PCR proceeding, finding

20   that Petitioner could not raise his claims in an untimely PCR proceeding and, additionally,

21   he was precluded from relief on his claims because they could have been raised in his prior

22   PCR proceeding.  (Exh. O.)  Because the state court ultimately dismissed the PCR notice as

23   untimely, the proceeding was not "properly filed" under 28 U.S.C. § 2244(d)(2) and did not

24   toll the statute of limitations.  See Pace, 544 U.S. at 414-17 (finding that post-conviction

25

26

27          _____

28          [2]  The end date fell on Sunday, July 13, 2008.  Petitioner therefore had until Monday, July 14, 2008, to file an petition for review.

1   proceeding that is rejected by state courts on timeliness grounds is not "properly filed" under

2   28 U.S.C. § 2244(d)(2)); Bonner v. Carey, 425 F.3d 1145, 1148-49 (9th Cir. 2005).

3         Likewise, Petitioner's commencement of a petition for writ of habeas corpus in

4   December 2009 and third PCR proceeding in January 2011 did not toll the limitations period.

5   (Exhs. T, AA.)  Both petitions were filed after the statute of limitations ended and could not

6   restart the expired 1-year limitations period.  See Ferguson, 321 F.3d at 823 ("Like the

7   Eleventh Circuit, we hold that section 2244(d) does not permit the re-initiation of the [federal

8   1-year] limitations period that has ended before the state petition was filed."); Jimenez v.

9   Rice, 276 F.3d 478, 482 (9th Cir. 2001) (finding federal habeas petitioner's filing of state

10  post-conviction relief petition took place "well after the AEDPA statute of limitations ended"

11  and thus "resulted in absolute time bar to refiling [his federal habeas petition] after his state

12  claims were exhausted").  Moreover, even if filed before the expiration of the 1-year

13  limitations period, Petitioner's federal habeas petition could not serve to toll the limitations

14  period because no tolling of the habeas limitations period results from the pendency of a

15  federal proceeding.  See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed

16  application for *State* post-conviction or other collateral review with respect to the pertinent

17  judgment or claim is pending shall not be counted toward any period of limitation under this

18  subsection.") (emphasis added); Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (holding

19  that a federal action is not an "application for State post-conviction or other collateral

20  review" within the meaning of 28 U.S.C. § 2244(d)(2)).

21        In sum, Petitioner filed the instant Petition on January 7, 2013, 3 years, 5 months, and

22  24 days after the 1-year limitations period expired on July 15, 2009.  The Petition is therefore

23  untimely.

24        The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably

25  tolled because it is a statute of limitations, not a jurisdictional bar.  See Calderon v. United

26  States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other

27  grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).

28  Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control

1   make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063,

2   1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under

3   AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When

4   external forces, rather than a petitioner's lack of diligence, account for the failure to file a

5   timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.

6   Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must

7   establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

8   extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also

9   establish a "causal connection" between the extraordinary circumstance and his failure to file

10  a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir.

11  2007).

12      Referring to the timeliness of his petition, Petitioner asserts that "under the

13  independent and adequate state ground rule the default in question involves issues of federal

14  law interwoven with state law; and the procedural default in question has not been regularly

15  and consistently applied. Sufficient cause and prejudice exist which would result in a

16  fundamental miscarriage of justice." (Doc. 1 at 10.) Petitioner's assertion appears to address

17  principles of exhaustion and procedural default rather than the timeliness of the instant

18  habeas petition.

19      Accordingly, Petitioner has not proffered any extraordinary circumstance that would

20  justify equitable tolling or demonstrated that an external impediment hindered the diligent

21  pursuit of his rights. And, in any event, Petitioner's *pro se* status, indigence, limited legal

22  resources, ignorance of the law, or lack of representation during the applicable filing period

23  do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry

24  v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal

25  sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

26  Moreover, to the extent that any of Petitioner's contentions could be construed as an attempt

27  to attribute his untimeliness to the ineffectiveness of his PCR counsel, the record

28  demonstrates that even after PCR counsel notified the state court that she did not find any

colorable claims for relief, Petitioner failed to pursue his claims in a timely fashion. Specifically, the state court granted Petitioner a 45-day extension to file a pro per PCR petition and advised him that failure to do so may be grounds for dismissal. (Exh. L.) Petitioner failed to file a PCR petition by the extended deadline. (Exh. M.)  Then, only after waiting six weeks past the extended deadline wherein Petitioner failed to file anything, did the state court dismiss Petitioner's PCR proceeding. (Exh. M.) Petitioner does not claim that he failed to receive notice of this deadline, nor does he provide any excuse for failing to timely file his PCR petition.

Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition is untimely.

## CONCLUSION

Having determined that Petitioner's habeas petition is untimely, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the

1    Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

2    and Recommendation by the district court without further review.  See United States v.

3    Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

4    factual determinations of the Magistrate Judge will be considered a waiver of a party's right

5    to appellate review of the findings of fact in an order or judgment entered pursuant to the

6    Magistrate Judge's recommendation.  See Rule 72, Federal Rules of Civil Procedure.

7         DATED this 26th day of November, 2013.

8

9    _____

10                    Michelle H. Burns
                United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28